UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ANTHONY MACGREGOR, | No. 2:13-cv-1883 LKK AC P |
| Plaintiff, | |
| v. | ORDER & |
| DR. DIAL, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

   Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S. § 1983.  By separate order, the court has directed the U.S. Marshal to serve the summons and complaint upon defendants.  Plaintiff, however, asks the court to stay proceedings based on his claims that prison mailroom staff are impeding his efforts to prosecute this action.  ECF No. 14.  Plaintiff states that without the services of a private investigator hired by his mother, the court would not have received this motion or the service documents which have been returned to the court. ECF No. 15.  Plainiff seeks a stay until such time as counsel, which he also requests, is appointed for him.  Plaintiff also avers that he suffers from Hepatitis C and is about to undergo a second treatment with a new medication with a 90% chance of cure.  Plaintiff contends that the treatment will be "harsh," will commence at some point in 2014 and continue for a year, leaving plaintiff fatigued and "unable to focus," further hindering his ability to proceed in the instant case.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." Id. at 708. When ruling on a request to stay proceedings, the following factors are considered: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir.1972) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962, in turn, citing Landis, supra, at 254-55.)). The court, in considering a stay, should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

The court finds that a stay of this action is unwarranted, primarily because plaintiff fails to carry his burden to demonstrate the need for a stay. A stay should not be imposed on the basis of conclusory allegations that non-parties are seeking to impede plaintiff's pursuit of this action. The All Writs Act, 28 U.S.C § 1651, provides authority for this court to inquire into any such interference, should plaintiff in the future provided concrete evidence of such impediment, together with the names of those alleged to be participating in efforts to obstruct him. As to the inconvenience to plaintiff of undergoing medical treatment while pursuing this action, plaintiff is reminded that this is hardly a unique circumstance. Prisoner-plaintiffs not infrequently undergo medical treatment or are provided medication during the course of their litigation. Moreover, the undersigned has now ordered service of the complaint. In these circumstances, the court finds that all factors weigh in favor of proceeding with, rather than delaying, this action.

As noted, plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

1   <u>Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  Plaintiff has been able to set forth
2   colorable claims in his complaint proceeding pro se.  In the present case, the court does not find
3   the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will
4   therefore be denied.

5       Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of
6   counsel (ECF No. 15) is denied.

7       IT IS RECOMMENDED that plaintiff's request for a stay (ECF No. 14) be denied.

8       These findings and recommendations are submitted to the United States District Judge
9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
10  after being served with these findings and recommendations, plaintiff may file written objections
11  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
12  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
13  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
14  (9th Cir. 1991).

15  DATED: November 25, 2013

                                                    /s/ Allison Claire
                                                    ALLISON CLAIRE
                                                    UNITED STATES MAGISTRATE JUDGE