UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ANTHONY MACGREGOR, | No. 2:13-cv-1883 LKK AC P |
| Plaintiff, | |
| v. | |
| DR. DIAL, et al., | ORDER |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. On March 12, 2014, defendants brought a motion to dismiss plaintiff's first amended complaint for failure to exhaust administrative remedies, pursuant to non-enumerated Fed. R. Civ. P. 12(b), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 36. Currently pending before the court is plaintiff's motion for an extension of time to file an opposition to the motion, unopposed by defendants. ECF Nos. 40, 41. Plaintiff filed a duplicative motion on April 18, 2014, which the court construes as an amended motion because he filed it to correct his misdesignation of his "declaration" as a "proof of service" in the first motion. See ECF No. 42 at 10.

On April 3, 2014, the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) and held that the defense of failure to exhaust administrative remedies under 42 U.S.C.

1  § 1997e(a) should in most cases be presented in a motion for summary judgment rather than a
2  motion to dismiss under unenumerated Rule 12(b).  Albino v. Baca, No. 10-55702, 2014 WL
3  1317141 (9th Cir. Apr. 3, 2014) (en banc).  Because defendants have moved for dismissal of the
4  amended complaint as administratively unexhausted pursuant to Rule 12(b), and have not
5  complied with the requirements of Rule 56, the court will vacate the motion and direct the
6  defendants to file within fourteen (14) days a motion that complies with Albino.  The portion of
7  defendants' motion that asserts failure to state a claim, and does not involve administrative
8  exhaustion, may be refiled as a separate motion or in combination with a motion for summary
9  judgment pursuant to Rule 56 regarding plaintiff's alleged failure to exhaust.
10          In plaintiff's motion for an extension of time to file an opposition to the motion to
11  dismiss, which will now be denied as moot, plaintiff also asks the court to provide a copy of
12  defendants' motion to dismiss and to order that defendants be required to serve documents upon
13  him by certified mail only.  The basis for this request is plaintiff's averment that he never
14  received the March 12, 2014 motion to dismiss and that he has not received his mail in this case
15  on two prior occasions.  ECF Nos. 40, 42 at 3.  Plaintiff asserts that he has "warned" the court in
16  previous filings of problems with receiving his mail.  However, defendants have since re-served
17  their motion (which, in any event, is now vacated).  Moreover, the court notes that the two other
18  documents that plaintiff claims not to have received by mail were orders from the court, not
19  documents served by defendants.
20          Plaintiff relies on Younger v. Gilmore, 404 U.S. 15 (1971) (per curiam), which affirmed
21  Gilmore v. Lynch, 319 F. Supp. 105 (N.D. Cal. 1970) (per curiam).  ECF Nos. 40, 42 at 3.  In
22  Gilmore, state officials were enjoined from enforcing a prison regulation which was found to be
23  overly restrictive of the codes and references in prison libraries made available to inmates.
24  As defendants point out, plaintiff does not cite any authority which speaks to his specific request
25  that defendants be compelled to serve him via certified mail.  ECF No. 41 at 2.  Defendants are
26  correct that not only would such a requirement complicate service and increase its cost, the Local
27  Rules do not authorize such a procedure.  Id.  In addition, it would hardly be equitable to require
28  defendants to effect service via certified mail when the two earlier instances of which plaintiff

2

complains involved mail issued from the court.  The request for defendants to be required to serve plaintiff only by certified mail will be denied.

Plaintiff also requests appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to "consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Neither of these considerations is dispositive and instead must be viewed together."  Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).  The motion to dismiss has been vacated and the court is unable at this time to evaluate plaintiff's likelihood of success on the merits.  Plaintiff has been able to articulate his claim of deliberate indifference by defendants in the treatment of his hernia and that claim appears to be relatively straightforward.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Plaintiff's claim (ECF Nos. 40, 42 at 4) that he suffers from serious medical conditions, will be needing surgery and is being administered pain medication claim (ECF Nos. 40, 42 at 4) does not suffice to meet his burden to show the requisite exceptional circumstances.  See Palmer, 560 F.3d at 970 (court did not abuse discretion in denying requests for appointment of counsel where plaintiff contended, inter alia, that pain from surgery limited his trial preparation ability).  Thus, the request(s) for appointment of counsel will be denied.

Accordingly, IT IS ORDERED that:

1. Defendants motion to dismiss the first amended complaint (ECF No. 36) is vacated;

2. Defendants may, within fourteen days, bring a motion for summary judgment pursuant

3

to Fed. R. Civ. P. 56 on the issue of administrative exhaustion. In doing so, defendants must provide plaintiff with the notice required under Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc);

    3. Defendants may, within fourteen days, re-file that portion of the vacated motion brought pursuant to Rule 12(b)(6) in a separate motion or in combination with any motion for summary judgment regarding the exhaustion of administrative remedies.

    4. Plaintiff's motion for an extension of time to file an opposition (ECF No. 40) to the now-vacated motion is denied as moot.

    5. Plaintiff's motions for the court to order that defendants be required to serve him by certified mail only (ECF Nos. 40, 42) are denied.

    6. Plaintiff's motions for the appointment of counsel (ECF Nos. 40, 42) are denied.

DATED: April 22, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4