1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN ANTHONY MACGREGOR,                    No.  2:13-cv-1883 JAM AC P

12                   Plaintiff,

13        v.                                     ORDER

14   DIAL, et al.,

15                   Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18   appointment of counsel.

19        The United States Supreme Court has ruled that district courts lack authority to require

20   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

21   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

22   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

23   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

24        The test for exceptional circumstances requires the court to evaluate the plaintiff's

25   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26   light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th

27   Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); Wilborn v.

28   Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.

1983).  Circumstances common to most prisoners, such as lack of legal education and limited law

library access, do not establish exceptional circumstances that would warrant a request for

voluntary assistance of counsel.

Plaintiff recounts that he was placed in administrative segregation on July 29, 2014.  ECF

No. 57 at 1.  He claims he has had access only to a pen-filler for his writing.  Id. at 1, 3.  He

asserts that the prison law library is only available for three hours on Sundays and can only

accommodate six inmates in cages but that there is an average of 16-20 inmates who need to

attend.  Id. at 1-2.  Plaintiff avers that his ad seg placement deprives him of access to a computer,

a typewriter, the Local Rules and the Federal Rules of Civil Procedure, as well as other legal

materials.  Id. at 2-3.  Plaintiff also contends that his legal mail is being "obstruct[ed]."  Id. at 3.

Plaintiff also cites his "failing health" as a result of having Hepatitis C as another factor that

hampers his ability to proceed pro se in this case.  Id. at 3.  Plaintiff believes he needs counsel to

handle discovery matters and to present his case to a jury.  Id. at 3-4.

Plaintiff contends that on two separate occasions, if his mother had not called the court

clerk, his case would have been dismissed.  ECF No. 61 at 2.  He refers to the order, ECF No. 4,

filed on September 19, 2013, requiring plaintiff to return forms and copies in order for defendants

to be served.  Id.  He also references defendants' since-vacated motion to dismiss the first

amended complaint, ECF No. 36, filed on March 12, 2014.  Id.  He maintains that the paging

system is insufficient as prisoners often do not know precisely what to ask for and that inmates

who send material to the library for copying via paging will not receive the copies for a week.  Id.

He contends that he can have only one pen-filler a week for writing and when his ran out, he had

to wait two days to exchange it, which meant that he when he finished his writing, he had to wait

an additional week for copies to be made at the library.  Id. at 3-4.

Defendants filed a motion to dismiss and a motion for partial summary judgment on May

6, 2014.  ECF Nos. 45, 46.  Pursuant to plaintiff's request (ECF No. 48), plaintiff's was granted

an extension of time to file his response to the motions.  ECF No. 49.  On June 17, 2014, plaintiff

timely filed an opposition to the motion to dismiss and a separate opposition to the partial

summary judgment motion.  ECF Nos. 51, 52.  On June 26, 2014, defendants filed a reply (ECF

1   Nos. 54, 55) to each opposition.  The motions have been submitted.

2          Plaintiff cites a number of cases in support of his request for appointment of counsel.  See

3   ECF No. 61, at 4 (citing Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817

4   (1977)).  In doing so, plaintiff demonstrates his ability to support his motion with case authority

5   while proceeding pro se, even under the restrictions of ad seg.  He does so as well in his

6   opposition to defendants' pending motions, which he evidently was able to complete prior to his

7   ad seg placement.

8          In Bounds, the Supreme Court held "that the fundamental constitutional right of access to

9   the courts requires prison authorities to assist inmates in the preparation and filing of meaningful

10  legal papers by providing prisoners with adequate law libraries or adequate assistance from

11  persons trained in the law."  430 U.S. at 828 (footnote omitted).  In Lewis, the High Court made

12  clear that "Bounds did not create an abstract, freestanding right to a law library or legal

13  assistance. . . ."  518 U.S. at 351.  Rather, to establish a denial of a right of access-to-the-courts

14  claim, an inmate must show an actual injury; he must show that he has been wholly frustrated by

15  a prison law library or legal assistance program in his efforts to pursue a non-frivolous claim

16  concerning his conviction or conditions of confinement.  Lewis, 518 U.S. at 351-55.  Plaintiff

17  does not assert that his ad seg placement was unjustified.  Nor has he shown an actual injury he

18  has suffered by the limitations placed on him there.

19         With respect to not having received certain documents from the court, plaintiff has

20  nevertheless been able to proceed.  For example, when plaintiff informed the court that he had not

21  received the document to be copied and the forms to be completed for the court to order service

22  of the complaint, the undersigned ordered the Clerk of the Court to re-serve the order at ECF No.

23  4, accompanied again with the requisite forms and documents, and granted plaintiff an extension

24  of time to complete, copy and submit them.  ECF No. 13.

25         Although the court finds delays or disruptions of court mail delivery to plaintiff to be

26  troubling, in no small part because they lead to delays in the litigation of this case, plaintiff has

27  not been precluded from prosecuting this action.  Plaintiff was denied a prior request for

28  appointment of counsel in an order filed on November 27, 2013.  ECF No. 22.  In denying that

1   request, the court observed that plaintiff pro se had been able to set forth colorable claims.  Id. at

2   3.  Plaintiff pro se has shown his ability to articulate and argue for his claims of an Eighth

3   Amendment violation by defendants Drs. Dial and James for deliberate indifference to a serious

4   medical condition.  Plaintiff has demonstrated to date an ability to address adequately the legal

5   issues involved.  Palmer v. Valdez, 560 F.3d at 970.  Nor does plaintiff make any claim that he

6   was unable to fully set forth his opposition to the motions presently pending before this court.  He

7   does not make a sufficient showing that any likelihood of success on the merits is significantly

8   impaired by his continuing to proceed pro se.

9       Having considered the factors under Palmer, the court finds that plaintiff has failed to

10   meet his burden of demonstrating exceptional circumstances warranting the appointment of

11   counsel at this time.

12       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

13   counsel (ECF No. 57) is denied.

14   DATED: November 6, 2014

15   _____
        ALLISON CLAIRE
16      UNITED STATES MAGISTRATE JUDGE

4